IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO.  3:13-CR-481-P |
| v. | |
| THEODORE OKECHUKU (01) | |

GOVERNEMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
FOR VIOLATION OF SPEEDY TRIAL RIGHTS

Defendant, Theodore Okechuku, seeks this Court to dismiss the indictments against him, claiming that his right to a speedy trial has been violated.  The defendant's right to a speedy trial has not been violated, and his motion lacks merit.  The government respectfully requests that the defendant's motion be denied.

I. Speedy Trial Clock Tolled

The Speedy Trial Act requires that a defendant's trial begin within seventy days from the filing of the information or indictment against the defendant, or from the date of the defendant's initial appearance, whichever date last occurs. 18 U.S.C. § 3161(c)(1). Certain types of delay, however, are excluded from the calculation of the seventy-day period.  *See* 18 U.S.C. § 3161(h).

Applicable to this case, is a reasonable period of delay attributed to a coconspirator whose time for trial has not run and there is no motion to sever.  18 U.S.C. § 3161(h)(6).  There are seven coconspirators indicted in this case.  Coconspirator Jerry Reed made his initial appearance on March 18, 2014.  (Document 78).  The defendant

wrongly accuses the government of causing the delay of Reed's initial appearance.  As provided in discovery, Reed was a fugitive and government agents made a number of attempts to locate him.  Reed was ultimately apprehended on February 15, 2014, when he was found by Arlington Police, shot in the head, after he allegedly broke into a girlfriend's home.  Reed was hospitalized for some time, and was in custody in Tarrant County for the burglary charge.  The government lodged a detainer as soon as possible and swiftly brought the defendant to federal court for his initial appearance.  Thus, any commentary that the government is responsible for the delay is incorrect.  The defendant's speedy trial clock was tolled until Reed made his initial appearance on March 18, 2014.  *See United States v. Franklin*, 148 F.3d 451, 455 (5th Cir. 1998).  Further, the clock had already been tolled prior to Reed's initial appearance by a number of pretrial motions filed, including a motion for continuance.

In the event one could argue that the defendant's speedy trial clock started with his initial appearance in the Northern District of Texas on December 20, 2013, the clock was tolled by a number of pretrial motions, including motions filed by the defendant and motions for continuance, agreed to by the defendant.  A period of excludable delay is "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. §3161(h)(1)(D). When the defendant made his initial appearance on December 20, 2013, the government had filed a pretrial motion for detention.  The defendant requested a continuance, and one was granted until December 23, 2013 – thus tolling the clock for three days.

**Government's Response to Motion to Dismiss for Speedy Trial Violation - Page 2**

On December 23, 2103, U.S. Magistrate Judge Toliver denied the government's motion and issued an order for the defendant's pretrial release, starting the clock again. This Court issued a scheduling order on January 6, 2014, setting a jury trial on March 3, 2014. Defense argues this time was 73 days, thus a violation of speedy trial occurred. But the defendant's argument fails to take into account time excludable for pretrial motions, beginning with the initial three days of tolling the clock.

Additionally, the clock again stopped on January 13, 2014 with the filing of a government pretrial motion for protective order. (Document 69). On January 15, 2013, the Court granted that motion and issued an order. (Document 71). However, on January 15, 2014, the defendant filed a response and objection to the government's motion for protective order. (Document 72). And on January 27, 2014, the government filed a reply to the defendant's motion. (Document 73).

Further, the clock did not resume because on January 15, 2014, coconspirator David Reed filed a motion for continuance – agreed to by all parties, including the defendant. (Document 70). On January 28, 2014, the Court granted the motion for continuance stating in the order, "this Court finds that the ends of justice served by granting this motion for continuance outweigh the best interest of the public and the Defendant in a speedy trial . . . Therefore, any period of delay resulting from this Court's granting the motion for continuance shall be excluded in computing the time within which the trial of this cause must commence under 18 U.S.C. § 3161." (Document 74).

Defendant acknowledges that the excludable delay of one coconspirator's motion practice applies to the speedy trial calculation of all coconspirators. *See Franklin* at 455.

The defendant argues, that all parties were forced into a motion for continuance based upon the lack of discovery produced. That argument does not hold merit as discovery has been available and produced, yet a motion for continuance – agreed to by all parties, including the defendant, was filed on July 14, 2014 and granted on July 25, 2014. (Documents 94 and 95). Again this Court ordered the time excluded under speedy trial to serve the best interests of justice. The case was continued until February 17, 2015. The defendant, yet again, agreed to another continuance in a motion filed December 23, 2014. Discovery was produced and available for review well in advance of this motion – no discovery issue forced any defendant to agree to this motion.[1] Again, this Court honored the wishes of all defendants to serve the ends of justice by continuing the case to May 18, 2015, and toll the speedy trial clock. An additional motion to continue agreed to by all parties, except this defendant, is currently pending before the Court.

## II. Conclusion

This motion is directly related to the fact the defendant is now in pre-trial custody. Prior to his detention, the defendant, along with coconspirators, repeatedly requested that the Court reschedule and continue the trial. The defendant, presumably, now does not like the circumstances he finds himself in – detention, and is grasping at straws by filing this meritless motion. Under the Speedy Trial Act, the clock did not start until Reed

---

[1] The defendant may not like the format the government has provided discovery. But the government has met, and continues to meet its discovery obligations. The government is not aware of any rule or law that dictates discovery has to be in a format pleasing to defendants.

made his initial appearance on March 18, 2014.  And time had already been excluded under the first motion to continue.  Even if this Court looks to the defendant's initial appearance, the speedy trial clock was immediately tolled until December 23, 2013 – it started again, and then was tolled on January 13, 2014.  Based on the pretrial motions filed, the clock has been tolled ever since.  The speedy trial clock if calculated this way, only ran for 20 days.  For these reasons, the defendant's motion to dismiss the indictment based on a speedy trial violation and violation of his Sixth Amendment right should be denied.

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

/s/ Katherine E. Pfeifle
KATHERINE E. PFEFILE
Assistant United States Attorney
Bar No. 24041912
1100 Commerce Street, Third Floor
Dallas, TX  75242-1699
Telephone:  214-659-8693
Email: Katherine.pfeifle@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 20, 2015, I served a true and accurate copy via ECF to defense counsel of record.

/s/ Katherine E. Pfeifle
KATHERINE E. PFEIFLE
Assistant United States Attorney