UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:13-CR-0481-B-1 |
| | § | |
| THEODORE E. OKECHUKU, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Theodore E. Okechuku's Motion to Reduce Term of Imprisonment (Doc. 628). Okechuku seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). *Id.* For the following reasons, Okechuku's Motion is **DENIED WITHOUT PREJUDICE**.

## I.

## BACKGROUND

On March 31, 2016, a jury found Okechuku guilty of "Conspiracy to Unlawfully Distribute a Controlled Substance," "Using, Carrying, and Brandishing a Firearm During and in Relation to . . . a Drug Trafficking Crime," and "Conspiracy to Use, Carry, and Brandish a Firearm During and in Relation to a Drug Trafficking Crime." Doc. 524, Am. J., 1. Okechuku is now 68 years old and is confined at the Federal Correctional Institution, Forrest City Low with a scheduled release date of August 8, 2036.[1]

Okechuku filed a Motion to Reduce Term of Imprisonment on March 12, 2024. Doc. 628, Mot. He argues the Court should reduce his sentence because it exceeded the maximum penalty for his charges, there has been a retroactive change in the law, and he is rehabilitated. *Id.* at 1, 10; Doc.

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate locator, available at https://www.bop.gov/inmateloc (last visited March 13, 2025).

635, Supp. Mot., 2–3. The Court considers Okechuku's Motion below.

## II.

## LEGAL STANDARD

Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

A. *Okechuku Has Not Demonstrated Proof of Exhaustion.*

A court can only accept a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is mandatory: "a court *may not* modify a term of imprisonment if a defendant has not filed a request with the BOP." *United States v. Franco*, 973 F.3d 465, 467–68 (5th Cir. 2020) (quotations omitted) (emphasis in original).

Okechuku has not met this requirement. He neither claims to have requested compassionate release from the warden nor attaches a request sent to the warden for compassionate release or proof that the warden received his request. *See United States v. Ware*, No. 3:15-CR-0494-B-2, 2021 WL 1662497, at *2 (N.D. Tex. Apr. 28, 2021) (Boyle, J.) ("[E]xhaustion requires proof that the warden

received the defendant's request."). Nonetheless, the Court considers the merits of his motion.

B.   *Okechuku Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.*

Okechuku has not shown "extraordinary and compelling reasons" warranting compassionate release under § 3582(c)(1)(A)(i). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021). Rather, Congress "delegated that authority to the Sentencing Commission," which was directed to "promulgate general policy statements regarding the sentencing modification provisions in § 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* (citations and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement–U.S.S.G. § 1B1.13–that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, No. 4:09-CR-0199-1, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citation omitted). The three circumstances are the defendant's medical condition, age, and family situation. *See* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 cmt. n.1.[3] But § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93.

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for

---

[3] The policy statement also provides a catch-all provision for "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B1.13 cmt. n.1.

compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."). Considering Okechuku's Motion in light of § 1B1.13, the Court concludes that Okechuku has not demonstrated "extraordinary and compelling reasons" warranting compassionate release. First, Okechuku argues that his sentence is illegal because it exceeded the statutory maximum and a change in the law establishes his actual innocence. Second, he argues he is rehabilitated. Both arguments fail.

1. Okechuku's Motion Is Not the Proper Vehicle to Challenge the Validity of His Sentence.

Okechuku raises two arguments that attack the validity of his sentence. First, he argues that his sentence is illegal because it exceeded the statutory maximum, which he contends constitutes a compelling reason to modify his sentence. Doc. 628, Mot., 6. Second, he argues that a retroactive change in the law "establishes [his] actual innocence." Doc. 635, Supp. Mot., 3. Because both arguments challenge the validity of Okechuku's sentence, they fail.

A motion for compassionate release is not the proper vehicle to challenge the legality of a sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) ("Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence."); *see also United States v. Long*, No. 3:14-CR-0367-B-2, 2021 WL 949757, at *2 (N.D. Tex. Mar. 12, 2021) (Boyle, J.) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). Because Okechuku seeks to attack the legality of his sentence, the Court construes these arguments as forming a successive § 2255 motion. *See United States v. Fleifel*, No. 3:12-CR-318-D(03), 2022 WL 1102860, at *3 (N.D. Tex. Apr. 12, 2022) (Fitzwater, J.), *aff'd*, No. 22-10425, 2023 WL 1965435 (5th Cir. Feb. 13, 2023). Okechuku already filed a § 2255 motion that was denied on the merits. *See* Doc. 575, Mot. Vacate; Doc. 607, J. (affirming Okechuku's

conviction). Therefore, he must obtain authorization from the United States Court of Appeals for the Fifth Circuit before he can pursue a successive § 2255 motion. *See* 28 U.S.C. § 2255(h). Because Okechuku has failed to do so, the Court lacks jurisdiction to consider these arguments. *See Fleifel*, 2022 WL 1102860, at *1. Okechuku cannot effectively bring a § 2255 challenge without authorization from the Fifth Circuit simply by arguing that the illegality of his sentence constitutes a "compelling reason[]" for release. *See* Doc. 628, 6; *see also United States v. Fleifel*, No. 22-10425, 2023 WL 1965435, at *1 (5th Cir. Feb. 13, 2023) ("The district court was not obligated to treat Fleifel's pleading as a § 3582(c) motion simply because Fleifel so labeled it."). Therefore, the Court rejects both arguments.

      2.      <u>Okechuku's Rehabilitation Does Not Warrant a Sentence Reduction.</u>

Okechuku also explains that he "has maintained an exemplary conduct record and has actively participated in programs designed to reduce the chances that he may commit further violations of the law in the future." Doc. 628, Mot., 10. He notes that one assessment he participated in determined he "presents a low risk of recidivism." *Id.* While the Court commends Okechuku's exemplary record and active participation in rehabilitation programs, rehabilitation alone does not warrant compassionate release under § 3582(c)(1)(A). *See Shkambi*, 993 F.3d at 391. Given that his other reasons fail, Okechuku's rehabilitation does not warrant a sentence reduction.

C.     *The § 3553(a) Factors Do Not Favor Compassionate Release.*

Finally, before granting compassionate release under § 3582(c)(1)(A), the Court must consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). Section 3553(a) requires the Court to consider, among other things, whether a sentence "reflect[s] the seriousness of the offense," "promote[s] respect for the law," and "provide[s] just punishment for the offense." 18 U.S.C.

§ 3553(a)(2)(A). Although Okechuku has failed to make a threshold showing of extraordinary and compelling reasons warranting a reduced sentence, the Court also notes that, had he shown extraordinary and compelling reasons, Okechuku has failed to show the § 3553(a) factors favor a sentence reduction. Okechuku has served almost ten years for his offense. He is scheduled for release in 2036, over ten years from the date of this Order. The Court finds that releasing him after serving only ten years would not promote respect for the law or reflect the seriousness of his offense: distributing controlled substances through a "pill mill" under the guise of a medical office. *See* Doc. 480, Transcript, 28. Therefore, § 3553(a) disfavors a sentence reduction.

## IV.

## CONCLUSION

For the foregoing reasons, Okechuku's Motion to Reduce Term of Imprisonment (Doc. 628) is **DENIED WITHOUT PREJUDICE**. By denying Okechuku's Motion without prejudice, the Court permits Okechuku to file a subsequent motion seeking compassionate release in the event he demonstrates: (1) a change in circumstances rising to the level of extraordinary and compelling; (2) that he satisfied the exhaustion requirement with respect to those circumstances; and (3) that the 18 U.S.C. § 3553(a) factors support his release.

**SO ORDERED.**

**SIGNED: March 21, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE